**Arthur CHAPMAN, Appellant,**

v.

**Shirley COLLINS, Sheriff of St. Clair County, and State of Missouri, et al., Appellees.**

**No. 20378.**

United States Court of Appeals, Eighth Circuit.

Nov. 30, 1970.

Rehearing Denied Dec. 21, 1970.

Arthur Chapman, filed brief pro se.

John C. Danforth, Atty. Gen., Jefferson City, Mo., and Kenneth M. Romines, Asst. Atty. Gen., filed brief for appellee.

Before MATTHES, Chief Judge, LAY, Circuit Judge, and REGISTER, District Judge.

PER CURIAM.

Petitioner was arrested on November 8, 1969, in Bates County, Missouri, on the charge of auto theft under state law. On November 14, 1969, he sought release by filing in the United States District Court for the Western District of Missouri, a petition for habeas corpus. This was dismissed on the ground that as a state prisoner he must first exhaust his state remedy. On December 12, 1969, petitioner then filed for a writ of habeas corpus in the State Circuit Court of Bates County. On March 27, 1970, petitioner filed a petition seeking relief in the federal district court alleging that the state trial court had never passed on his state conviction. On April 1, 1970, the petitioner was tried and convicted in the state court of the crime of stealing an auto in violation of Mo.Rev.Stat. § 560.156 (1959). On April 21, 1970, he filed a motion for new trial as to his conviction and included *inter alia,* the same grounds which were alleged in both his state and federal habeas petitions. On May 26, 1970, the federal district court once again ruled that the petitioner had failed to exhaust his state remedies and dismissed his petition. This is an appeal from that dismissal. We affirm.

The record shows that the state court denied petitioner's motion for new trial on June 1, 1970. He then filed a notice of appeal with the Clerk of the Missouri Supreme Court.

Petitioner's present appeal is patently frivolous. The grounds upon which the petitioner sought his writ of habeas corpus have been duly passed upon by the state circuit court in the trial on the offense charged. Presumably, these same grounds are being raised in his pending appeal before the Missouri Supreme Court. Petitioner has shown no prejudice by the state court's failure to pass upon his December 12 petition. Petitioner has made no showing under 28 U.S.C.A. § 2254(b) "that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective * * *" to protect his rights.

Judgment affirmed.